1   Byron F. Browne (30499)
2   Monica Malhotra (32784)
    Eric Nix (35662)
3   **BROWNE LAW GROUP**
    366 North Gilbert Rd, Suite 202
4   Gilbert, Arizona 85234
5   Phone/Fax: (480) 771-2442
    byron@antilawyer.com
6   monica@antilawyer.com
    legal@antilawyer.com
7   *Attorneys for Plaintiff*

8

9   ## IN THE UNITED STATES DISTRICT COURT

10  ## FOR THE DISTRICT OF ARIZONA

11

| | |
|---|---|
| 12  Jane Doe (A.S.), individually. | Case No.: |
| 13               Plaintiff, | **COMPLAINT** |
| 14  vs. | (Tort / Non-Motor Vehicle) |
| 15  Tyler Self and Jane Doe Self, individually and/or as husband and wife; Arizona Board of Regents | (Tier 2) |
| 16  d/b/a University of Arizona; Does I-V | |
| 17               Defendants. | |

18

19      Plaintiff Jane Doe (A.S.) by and through counsel undersigned, for her Complaint

20  hereby alleges as follows:

21      ## JURISDICTIONAL ALLEGATIONS

22

23      1.      To the extent it is applicable to any claim state herein, the Plaintiff has

24  complied with the requirements of the Arizona Notice of Claim Rule A.R.S.§12-821.01.

25

26

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this litigation involves matters of federal law including claims made under the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 et seq. and claims made under 42 U.S.C. § 1983 et seq.

3.      This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.      The damages sought in this matter are within the original jurisdiction of this court.

5.      The events that form the basis for this complaint occurred within Pima County, Arizona and venue in this court is proper pursuant to A.R.S. § 12-401.

6.      Plaintiff is a resident of Maricopa County, Arizona.

7.      Defendant Arizona Board of Regents d/b/a University of Arizona (hereinafter "Defendant ABOR") is located within and operating within Maricopa County, Arizona.

8.      Defendant ABOR acted as property agents/management for the student housing located at 55 N. Park Avenue in Tucson, Arizona.

9.      Upon information and belief Defendant Tyler Self and Jane Doe Self were, husband and wife, and residents of the State of Arizona, were domiciled as such as of the date of the incident and giving rise to this lawsuit. All actions alleged in this Complaint were undertaken on behalf of and for the benefit of their marital community. Plaintiff is without sufficient information at the present time to state the true identity of Jane Doe Self. Plaintiff will seek leave of the Court to amend this Complaint once the identity Jane Doe Self becomes

2

available.

10.   Does I through V are person, corporations, partnerships, or other business entities (collectively, "person") whose true names are not presently known to Plaintiff. Defendants Does I through V are persons whose negligent acts or omissions were a cause of Plaintiff's injuries and whose fault is attributable to some or all the named defendants, or who are responsible for the actions of some or all the named defendants. At all times material to this Complaint, each such fictitiously named defendant was a person domiciled in Arizona, or was acting under the direction, supervision, and/or control of one or more of the named defendants in this action. Furthermore, the named defendants and Does I-V were engaged in a joint venture and/or partnership at all times material to this Complaint. Plaintiff will substitute the true names of such fictitiously named persons when ascertained.

## GENERAL ALLEGATIONS

11.   Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 10 of her Complaint as though expressly set forth herein.

12.   On December 17, 2020, Plaintiff was an invitee at a house party located at The Mark Tucson, 55 N. Park Avenue Tucson, Arizona, an off-campus housing under the management of Defendant ABOR.

13.   Plaintiff had made it known and clear to Defendant Self that she did not want to engage in any sexually activity with him. Despite her statement, Defendant Self sexually assaulted Plaintiff.

BROWNE LAW GROUP
PERSONAL INJURY ATTORNEYS

3

14.   Plaintiff was left with physical, emotional, and mental trauma as a result of Defendant Self's sexual assault.

15.   Plaintiff has suffered permanent injuries, loss of enjoyment of life, suffered loss of past and future household services, expenses for medical care and treatment, and incurred expenses incidental thereto.

## COUNT I – NEGLIGENCE
### (DEFENDANTS)

16.   Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 15 of her Complaint as though expressly set forth herein.

17.   Defendant ABOR breached its duty of care by failing to act as a reasonable and prudent business operator would have under the same, or similar, circumstances. Specifically, Defendants committed negligence by:

   a.   Failing to create and implement policies and procedures to prevent the campus housing residency of would-be sexual predators, like Defendant Self.

   b.   Failing to create policies and procedures to provide for a proper and thorough investigation of on campus residents, such as Defendant Self.

   c.   Failing to create, implement, and establish protocols to train employees on policies and procedures to ensure proper supervision of students, such as Defendant Self.

   d.   Failing to create, implement, and properly train employees on policies and procedures preventing sexual misconduct, abuse or harm to the students;

BROWNE LAW GROUP
PERSONAL INJURY ATTORNEYS

identifying individuals who posed a risk of harm to students; how to handle reports involving inappropriate situations involving students; and

e.  Failing to create, implement, and properly train employees on their duties as a professional in whom a student places his or her trust.

18.    Defendants owed Plaintiff a duty to act as reasonably prudent person under the circumstances and to exercise reasonable care.

19.    Defendants breached this duty of due care and was therefore negligent by using excessive force in causing physical injury to Plaintiff.

20.    Defendants conducts were both an actual and proximate cause of Plaintiff's injuries and damages.

21.    As a result of Defendants negligence, Plaintiff sustained damages by way of bodily injury and past and future general damages by way of, but not limited to, pain, suffering, disfigurement, depression/anxiety, and loss of enjoyment of life. Additionally, Plaintiff has incurred medical expenses and is reasonably probable to incur additional medical expenses in the future.

## COUNT II-ASSAULT
### (DEFENDANT SELF)

22.    Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 21 of her Complaint as though expressly set forth herein.

23.    Pursuant to Arizona Revised Statute 13-1203, a person commits assault by intentionally, knowingly, or recklessly causing any physical injury to another person; or

5

intentionally placing another person in reasonable apprehension of imminent physical injury; or knowingly touching another person with the intent to injure, insult or provoke such person.

24.     Defendant Self, knowingly touched, with the intent to injure Plaintiff.

## COUNT III-BATTERY
### (DEFENDANT SELF)

25.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 24 of her Complaint as though expressly set forth herein.

26.     Defendant Self did not have an actual or apparent consent, permission, or authorization to perform the additional, malicious, unconscionable, repugnant, and unauthorized acts on the Plaintiff; including *inter alia,* engaging in lewd or lascivious acts sexual in nature.

27.     Defendant Self initiated unwanted physical contact with the Plaintiff.

28.     As a direct and proximate cause of Defendant SELF's impermissible touching and battery, Plaintiff has been caused to suffer significant damages.

29.     Defendant Self's acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights. Moreover, the acts of Defendant Self in this cause of action were in derogation, exclusion, and/or defiance of Plaintiffs rights.

// //

// //

// //

BROWNE LAW GROUP
PERSONAL INJURY ATTORNEYS

## COUNT IV-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Direct Theory-Defendant SELF)

30.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 29 of her Complaint as though expressly set forth herein.

31.     Defendant Self impermissibly engaged in lewd and lascivious acts with the Plaintiff, without Plaintiff's consent or permission.

32.     Defendant Self made unwanted and impermissible physical contact with the Plaintiff.

33.     Defendant Self maliciously, outrageously, and recklessly engaged in acts against the Plaintiff which were cloaked in legitimacy, but which served no legitimate purpose other than the satisfaction of Defendant Self's sexual appetites, to entertain Defendant SELF sexually, and/or in furtherance of arousing Defendant Self's libido or other inappropriate motivations.

34.     Because Defendant Self cloaked his malicious, outrageous, and reckless conduct in legitimacy, Plaintiff was unable to prevent Defendant Self from engaging in the lewd and lascivious acts which are the subject of the Complaint.

35.     The emotional toll caused by Defendants' actions and/or inactions has been devastating to the Plaintiff.

36.     Defendants' conduct was extreme and/or outrageous with either the intention of, or reckless disregard for causing emotional distress to Plaintiff.

37.     As a direct and proximate cause Defendants' intention infliction of emotional distress, Plaintiff has been caused to suffer significant damages.

38.     Defendants' acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights. Moreover, the acts of Defendant SELF in this cause of action were derogation, exclusion, and/or defiance of Plaintiff's rights.

## COUNT V- CIVIL ASSAULT
### (DEFENDANT SELF)

39.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 38 of her Complaint as though expressly set forth herein.

40.     Defendant Self did not have actual or apparent consent, permission, or authorization to perform the additional, malicious, unconscionable, repugnant, and unauthorized acts on the Plaintiff.

41.     That Defendant Self caused the Plaintiff to feel apprehension of harmful or offensive contact when Defendant Self unlawfully engaged in lewd or lascivious acts sexual in nature.

42.     Defendant Self's acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights. Moreover, the acts of Defendant SELF in this cause of action were in derogation, exclusion, and/or defiance of Plaintiff's rights.

// //

8

## COUNT VI- CIVIL BATTERY
### (DEFENDANT SELF)

43.   Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 42 of her Complaint as though expressly set forth herein.

44.   Defendant Self did not have an actual or apparent consent, permission, or authorization to perform the additional, malicious, unconscionable, repugnant, and unauthorized acts on the Plaintiff; including *inter alia,* engaging in lewd or lascivious acts sexual in nature.

45.   Defendant SELF initiated unwanted physical contact with the Plaintiff.

46.   As a direct and proximate cause of Defendant Self's impermissible touching and battery, Plaintiff has been caused to suffer significant damages.

47.   Defendant Self's acts were wanton, indifferent, malicious, and done with a conscious and reckless disregard for Plaintiff's health, safety, and rights. Moreover, the acts of Defendant Self in this cause of action were in derogation, exclusion, and/or defiance of Plaintiffs rights.

## COUNT VII- FALSE IMPRISONMENT
### (DEFENDANT SELF)

48.   Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 47 of her Complaint as though expressly set forth herein.

49.   Plaintiff was aware that she was confined as she lay on the bed. Plaintiff was unable to leave the confinement until she was released by Defendant Self.

BROWNE LAW GROUP
PERSONAL INJURY ATTORNEYS

## COUNT VIII

### VIOLATION OF THE EDUCATION AMENDMENTS OF 1972 (TITLE IX), 20 U.S.C. § 1681 et seq. AS TO JANE DOE (A.S) v. DEFENDANTS ARIZONA BOARD OF REGENTS d/b/a UNITVERSIY OF ARIZONA.

50.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 49 of her Complaint as though expressly set forth herein.

51.     The funding recipients exercised significant control over the harasser, Tyler Self, including but not solely through its disciplinary authority over its students through the Student Code, its disciplinary authority over student-athletes through the student-athlete code of conduct, its policies on sexual harassment, its control of scholarships, and student athlete sexual assault and misconduct policies.

52.     Persons at UofA with actual knowledge had authority to take remedial action on behalf of the recipients.

53.     By its actions and inactions prior to Ms. Jane Doe's (A.S.) injury, Defendants acted with deliberate indifference to the rights of Plaintiff and other female students to a safe and secure educational environment free from discrimination, thus depriving plaintiff of equal access to the educational opportunities of the University.

54.     Defendants' actions, inactions, and deliberate indifference subjected Ms. Jane Doe's (A.S.) to harassment and discrimination, including sexual assault, rape, and deprivation of a safe educational environment.

55.     By its actions and inactions after the rape of Ms. Jane Doe's (A.S.), Defendants acted with deliberate indifference to Ms. Jane Doe's (A.S.) right to a safe and

secure educational environment, thus depriving Ms. Jane Doe (A.S.) of equal access to the educational benefits of the university.

56.     Defendants' actions, inactions, and deliberate indifference subjected Ms. Jane Doe (A.S.) to further discrimination and harassment including, but not limited to, Defendants' inappropriate response to the sexual assault of Ms. Jane Doe (A.S.) by Self.

57.     As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, plaintiff has suffered severe and ongoing injuries, damages, and losses for which she is entitled to be compensated, including but not limited to:

   a.  Past, present, and future pain and suffering, both physical and emotional;

   b.  Past, present, and future psychological trauma and impairment;

   c.  Medical bills and other expenses for past and future treatment;

   d.  Interference with continuing education and lost educational time;

   e.  Impaired educational capacity;

   f.  Impaired earning capacity;

   g.  All relief that the Court deems fair and equitable, and;

   h.  Attorney's fees pursuant to 42 USC § 1988(b).

## COUNT IX

**VIOLATION OF THE CIVIL RIGHTS OF ANNA PETERSON PURSUANT TO 42 U.S.C. SECTION 1983 et seq. v. ALL DEFENDANTS**

58.     Plaintiff realleges and incorporates herein by this reference Paragraphs 1 through 57 of her Complaint as though expressly set forth herein.

59.     Ms. Jane Doe (A.S.) has a clearly established constitutional right under the Equal Protection Clause of the 14th Amendment to an educational environment free of sexual harassment as well as a clearly established right to bodily integrity.

60.     The University Defendants, acting under color of law in their official capacity as employees of the State of Arizona, and with knowledge of these established rights, violated Ms. Jane Doe's (A.S.) right to an educational environment free from sexual harassment and her right to bodily integrity.

61.     Ms. Jane Doe's (A.S.) rights were violated due to the sexual assault and rape perpetrated against her by Self as well as the deliberate indifference to the reports of sexual assault made against Self prior to the attack.

62.     Ms. Jane Doe's (A.S.) rights were also violated due to the continued deliberate indifference of the Defendants after the assault perpetrated against Ms. Jane Doe (A.S.), when—upon receiving multiple additional reports from students about Self's sexual assaults—Defendants failed to take any action to remedy the risk, failed to remove Self from the campus, and continued to facilitate Self's presence on campus, as well as facilitate Self's ability to use his status as a student at UofA to gain the trust of female students

63.     Defendants further created a danger and/or otherwise increased Ms. Jane Doe's (A.S.) vulnerability to a danger by failing to properly investigate accusations made against Self after affirmatively facilitating his presence on the UofA campus and in Tucson, Arizona.

64.    As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, plaintiff has suffered severe and ongoing injuries, damages, and losses for which she is entitled to be compensated, including but not limited to:

a.  Past, present, and future pain and suffering, both physical and emotional;

b.  Past, present, and future psychological trauma and impairment;

c.  Medical bills and other expenses for past and future treatment;

d.  Interference with continuing education and lost educational time;

e.  Impaired educational capacity;

f.  Impaired earning capacity;

g.  All relief that the Court deems fair and equitable, and;

h.  Attorney's fees pursuant to 42 USC § 1988(b).

// //
// //
// //
// //
// //
// //
// //
// //
// //
// //
// //

BROWNE LAW GROUP
PERSONAL INJURY ATTORNEYS

**WHEREFORE,** Plaintiff prays for Judgment against Defendants as follows:

a) For Plaintiff's general and special damages to be proven at trial by jury;

b) For Plaintiff's incurred costs together with interest at the highest lawful rate on the total amount of all sums awarded from the date of judgment until paid;

c) For the fair and reasonable monetary value of Plaintiff's past, present, and future pain and suffering in an amount to be determines at trial;

d) For medical expenses incurred up to the date of trial and any additional expenses necessary for future medical care and treatment;

e) For punitive damages or exemplary damages to be set by a jury in an amount sufficient to punish Defendants for their intentional and willful acts and to make an example out of them so that other campus residents do not engage in similar conduct in the future;

f) For such other and further relief as this Honorable Court may deem just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 17th day of December 2021.

**BROWNE LAW GROUP**

By:   */s/ Byron F. Browne*
Byron F. Browne
*Attorney for Plaintiff*

14